IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-00076-RPM

DANIEL CHARLES ANDERSON,

    Applicant,

v.

WARDEN RAE TIMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

The single claim of constitutional error raised in the Amended Application for a Writ of Habeas Corpus Pursuant to U.S.C. § 2254, filed on January 17, 2012, [34] arises from the following statement, made by the trial judge upon entry into the courtroom before the beginning of the process of impaneling the jury, when he informed counsel and the defendant as follows:

> For what it is worth, [the venire members] already know what the charges are generally, and I have already talked with them about how it is the most despicably ugly kind of case one can imagine and there is not a person in the room that does not think that someone that commits that crime has committed a despicable act.
> And then I talked with them about the other side of the coin, that that is not the issue. The issue is whether or not the defendant committed the crimes and he denies it, and he is presumed innocent. And we have had a real good discussion of that already.

The trial judge was the duty judge in the District Court of Jefferson County, Colorado, and was following the practice in that court of giving some orientation to all of those summoned for possible service in the seven trials scheduled for the day. The statement referred to the charges against Daniel Charles Anderson in case no. 2000CR933 of two counts of sexual assault on a child by one in a position of trust, C.R.S. § 18-3-405.3(2)(a), and two counts of

sexual assault on a child by one in a position of trust as part of a pattern of abuse, § 18-3-405.3(1)(2)(b).

The trial proceeded with voir dire examination of the prospective jurors by the court and both counsel.  The defendant's attorney passed the impaneled jury for cause and the verdict was guilty on all four charges, resulting in imprisonment on two consecutive seven and a half years to life sentences on the trust counts and two consecutive fifteen year determinate sentences on the pattern counts.

The claim under review is that the convictions and sentences should be vacated because Mr. Anderson's rights to trial by a fair and impartial jury protected by the Sixth and Fourteenth Amendments to the United States Constitution were violated.

This claim was among those raised in a direct appeal to the Colorado Court of Appeals. That court ruled as follows:

> Here, we agree with defendant that the trial court erred in discussing the case with the prospective jurors without counsel for the parties present. However, we conclude that, because of the nature of the discussion and the subsequent voir dire, such error was harmless beyond a reasonable doubt.

In reaching that result, the appellate court relied on the adequacy of the subsequent voir dire to discover any bias created by these remarks.  As to the failure to transcribe the ex parte communications with the venire, the reviewing court recognized that a better practice is to memorialize any discussions with a prospective jury panel, regarding the details of a specific case, but again found that the adequacy of the voir dire resulted in the conclusion that any error was harmless beyond a reasonable doubt.

This Court must defer to the state court's ruling unless it was an unreasonable application of clearly established federal law as determined by the U.S. Supreme Court or an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.  28 U.S.C. § 2254(d).

It is well established law that a person accused of crime has the right to be present and to be represented by counsel at every critical stage of the proceedings and that includes impanelment of the jury. It is also well established law that a judge must not communicate privately with the jury during deliberations. In *United States v. Smith,* 31 F.3d 469 (7th Cir. 1994) the court reversed a conviction because of the trial judge's private communication with the jury during trial and on a subject not directly related to the charges. The decision was based on Fed.R.Crim.P. 43(a) which may be broader than the constitutional right, but the reasoning emphasized the sensitivity of all communications between judge and jury outside the presence of the defendant and his counsel. This Court shares that view.

There is no Supreme Court precedent for finding that communicating with potential jurors by the trial judge before voir dire is in itself constitutional error.

The difficulty with this case is that all that is known about the interaction between the trial judge and the venire members is what the trial judge said in his brief disclosure in the courtroom quoted above. The Colorado Court of Appeals gave a charitable interpretation by assuming that the purpose was to acknowledge that prospective jurors may have some bias or hostility from the nature of the charges and to remind them that their focus should be on the presumption of innocence. The concern is that the judge said, "And we had a real good discussion of that already." That statement implies that there were two way communications raising the possibility that some of the jurors ultimately serving in the trial had expressed views that may have raised questions as to their ability to give Mr. Anderson the benefit of that presumption.

The constitutional error in this case did not occur during a critical stage of the proceeding. There was, therefore, no structural error requiring automatic reversal for presumed prejudice. The State court determined that there was no basis for an inference of prejudice to the defendant's right to trial by a fair and impartial jury because the jurors who decided his case had been impaneled after adequate voir dire examination, passed for cause and were properly

instructed before deliberations.  That ruling was neither an unreasonable conclusion of law nor an unreasonable determination of the facts. It is therefore

ORDERED, that the Amended Application for a Writ of Habeas Corpus [34] is denied and this civil action is dismissed.

DATED: August 27th, 2012

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge